# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**MARK FAILS, et al.**                                                                  **PLAINTIFFS**

**v.**                                                 **CIVIL ACTION NO. 2:12-CV-34-KS-MTP**

**GLENN SWAN, et al.**                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant Glenn Swan's Motion for Summary Judgment [23].

## I. BACKGROUND

This is a Section 1983 case stemming from a school board's revocation of its permission for a student to transfer to another school district. The Mississippi Supreme Court provided the following succinct factual background:

> A student, the daughter of Mark Fails and Laura Fails, transferred from Jefferson Davis County School District to Lamar County School District, after obtaining consent from the school boards of both districts. Four years later, on or about August 13, 2007, the Jefferson Davis County Public School Board . . . passed a resolution that Jefferson Davis County residents would no longer be permitted to transfer to other school districts. The following year, the Superintendent of Education for Jefferson Davis County School District published an announcement in the local newspaper informing parents of Jefferson Davis County School District students that all transfers had been revoked. Although three of the School Board members represented to Mark Fails that this did not affect his daughter's transfer status, an interim conservator, appointed by the governor to oversee Jefferson Davis County Schools, represented to Mark Fails that it was the intent of the School Board to revoke all previously granted transfer petitions. Mark Fails attended an October 13, 2008, School Board meeting to appeal the revocation of his daughter Courtney's petition for transfer. However, the conservator prohibited the School Board from voting on Courtney's petition for transfer.

*Fails v. Jefferson Davis Cnty. Public Sch. Bd.*, 95 So. 3d 1223, 1223-24 (Miss. 2012).

Plaintiffs – Mark and Laura Fails – appealed Swan's decision to revoke Courtney's transfer to the Circuit Court of Jefferson Davis County, which affirmed the revocation. *Id.* at 1224. Plaintiffs then appealed to the Mississippi Supreme Court, which referred the case to the Mississippi Court of Appeals. *Fails v. Jefferson Davis Cnty. Public Sch. Bd.*, 96 So. 3d 1, 3 (Miss. 2011). First, the Court of Appeals concluded that Swan "operated within his statutory powers when he refused to allow the Board to vote on a matter dealing with the administration, management and operation of the District." *Id.* at 4. Second, the Court of Appeals held that "a school board may withdraw its consent to an inter-district transfer and thereby revoke the transfer." *Id.* at 6. Finally, the Court of Appeals held that school districts were permitted "absolute discretion to grant or deny inter-district transfers," and, therefore, they were permitted to "adopt uniform policies against transfers." *Id.* at 7.

Plaintiffs petitioned the Mississippi Supreme Court for a writ of certiorari, which was granted. *Fails*, 95 So. 3d at 1225. But rather than address Plaintiffs' assignments of error, the Supreme Court held that the lower courts had no authority to address the merits of the case, as no actual case or controversy existed. *Id.* at 1226. Plaintiffs had purchased a house in Lamar County and moved there so their daughter could continue to attend Lamar County schools. *Id.* at 1225. Additionally, Laura Fails became employed by the Lamar County School District, granting Courtney the statutory right to attend school in Lamar County. *Id.* at 1226 (citing MISS. CODE ANN.

2

§ 37-15-29(2)). Therefore, the Supreme Court held that Plaintiffs had suffered no injury, and that the dispute had become moot prior to the filing of Plaintiffs' complaint in the Circuit Court of Jefferson Davis County. *Id.*

Plaintiffs filed the present action in the Circuit Court of Jefferson Davis County, and Defendants removed the case to this Court. Plaintiffs claim that they possess a liberty interest in their daughter's education, which encompasses where she attends high school. Plaintiffs claim that Defendant Glenn Swan violated their Fourteenth Amendment right to substantive due process by imposing a barrier to their daughter's continued education in the Lamar County school system. They further claim that Swan violated their Fourteenth Amendment right to procedural due process by preventing the School Board from voting on their appeal of the transfer revocation. Plaintiffs named Swan as a defendant in both his individual and official capacities. They demand injunctive relief, compensatory damages, and emotional damages. Swan filed a Motion for Summary Judgment [23], which is ripe for the Court's review.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir.

3

2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Plaintiffs asserted Section 1983 claims against Swan in both his official and individual capacity.

> Personal-capacity suits seek to impose liability upon a government official as an individual while official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. Thus, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.
>
> In a personal-capacity suit, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. In such a suit, the official may assert personal immunity defenses such as qualified immunity. The doctrine of qualified immunity shields government officials acting within their discretionary authority from liability when their conduct does not violate clearly established statutory

4

or constitutional law of which a reasonable person would have known.
*Goodman v. Harris County*, 571 F.3d 388, 394-95 (5th Cir. 2009) (citations and punctuation omitted).

## A.  *Official Capacity*

Swan argues that Plaintiffs' Section 1983 claims against him in his official capacity must be dismissed because he was an agent of the state, and states and state agencies are not "persons" within the meaning of Section 1983. *See Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007) (citing *Will v. Mich. State Dep't of Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Swan contends – and Plaintiffs have not disputed – that, as a conservator appointed by the governor pursuant to Miss. Code Ann. § 37-17-6, he was an agent of the Mississippi Department of Education, which is a state agency. *See McIntosh v. Barbour*, 4:10-CV-72-WP-DAS, 2010 U.S. Dist. LEXIS 132241, *9 (N.D. Miss. Dec. 14, 2010).

Defendant is correct. State agencies are not "persons" within the meaning of Section 1983. *Stotter*, 508 F.3d at 821. Therefore, Section 1983 does not provide Plaintiff with a cause of action against Swan in his official capacity. Accordingly, the Court grants Defendant's motion for summary judgment as to Plaintiffs' official-capacity Section 1983 claims.

## B.  *Individual Capacity Claims*

Plaintiffs asserted individual capacity claims premised upon alleged violations of their Fourteenth Amendment substantive and procedural due process rights.

   1.   *Substantive Due Process*

Plaintiffs first argue that Swan violated their constitutional right to determine where their child attends school, but Plaintiffs' parental rights are not as broad as they assert.

> Parents have a fundamental interest in raising and educating their children. This fundamental right, however, is not absolute, and states can subject it to reasonable regulation, particularly when the state's interest relates to the provision of public education. The parents' right protects their prerogative to make choices regarding the type of education – *e.g.*, public, private, or home-schooling – that their child receives but not particular components of that education, such as participation in interscholastic athletics or enrollment in particular courses.

*Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 136 (5th Cir. 2009). More pertinent to the present case, "a student has no constitutional right to free choice of schools." *Davis v. Bd. of Sch. Comm'rs*, 393 F.2d 690, 694 n. 5 (5th Cir. 1968); *see also United States v. Jefferson Cnty. Bd. of Educ.*, 380 F.2d 385, 390 (5th Cir. 1967). Therefore, the Court finds that Plaintiffs do not have a liberty interest in sending their children to whatever public school they desire, without reference to residency requirements imposed by state or local law. *See also Arrendondo v. Brockette*, 648 F.2d 425, 428-29 (5th Cir. 1981) (states have a legitimate interest in limiting enrollment in public schools to students who are bona fide residents of the particular state and school district at issue*).* Accordingly, the Court grants Defendant's motion for summary judgment as to Plaintiffs' Section 1983 claim premised upon this alleged substantive due process violation.[1]

---

[1]The Court further notes that Defendant would be entitled to qualified immunity from Plaintiffs' Section 1983 claim premised upon this alleged violation, as Plaintiffs failed to demonstrate that the constitutional right at issue is clearly

*2. Procedural Due Process*

Plaintiffs next argue that Swan violated their procedural due process rights by preventing the Jefferson Davis County School Board from voting on their appeal of the decision to revoke their daughter's interdistrict transfer. However, "for a person to have a procedural due process claim that damages or other relief can remedy, he must have been denied life, liberty, or property protected by the Fourteenth Amendment." *Wilson v. Birnberg*, 667 F.3d 591, 597 (5th Cir. 2012). As noted above, Plaintiffs do not have a constitutionally protected liberty interest in sending their children to whatever public school they desire. Therefore, Plaintiffs' procedural due process claim fails because they were not deprived of a constitutionally protected liberty interest. Indeed, Plaintiffs' daughter has continued to attend Lamar County schools, by virtue of Plaintiffs' new residence in Lamar County and Laura Fails' employment by the Lamar County School District.[2]

---

established. *Prison Legal News v. Livingston*, 683 F.3d 201, 224 (5th Cir. 2012). "To be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.*; *see also Jones v. Lowndes Cnty.*, 678 F.3d 344, 351 (5th Cir. 2012). Plaintiffs "must be able to point to controlling authority – or a robust consensus of persuasive authority – that defines the contours of the right in question with a high degree of particularity and that places the statutory or constitutional question beyond debate." *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012). They have not carried this burden.

[2]Also, "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Bowlby v. City of Aberdeen*, 681 F.3d 215, 220 (5th Cir. 2012). Plaintiffs had an opportunity to be heard. They appealed the Jefferson Davis School Board's decision to revoke all transfers, but Defendant – as conservator of the Jefferson Davis School District – declined to allow the School Board to vote, effectively denying their appeal.

## III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant Glen Swan's Motion for Summary Judgment [23].

SO ORDERED AND ADJUDGED this 18th day of January, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

Plaintiffs' argument that this constitutes a procedural due process violation assumes that Defendant did not have the authority to supersede the School Board and address the appeal on his own. This Court expresses no opinion on that issue. However, the Mississippi Court of Appeals believed that Defendant operated within his power, relying upon the "capacious" statutory language granting conservators "a very high degree of authority." *Fails*, 96 So. 3d at 4, *vacated on other grounds*, 95 So. 3d at 1226.