IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARK FAILS, et al.**                                                          **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 2:12-CV-34-KS-MTP**

**GLENN SWAN, et al.**                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion for Summary Judgment [36]. The Court will enter a separate final judgment in accordance with Rule 58.

### I. BACKGROUND

This is a Section 1983 case arising from a school board's revocation of its permission for a student to transfer to another school district. The Court provided a summary of the facts in its earlier opinion granting a Motion for Summary Judgment [23] filed by the district's interim conservator, Glenn Swan. *Fails v. Swan*, No. 2:12-CV-34-KS-MTP, 2013 U.S. Dist. LEXIS 7682 (S.D. Miss. Jan. 18, 2013). Plaintiffs' official capacity Section 1983 claims against Swan failed because he was an agent of the Mississippi Department of Education, and state agencies are not "persons" within the meaning of Section 1983. *See Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir, 2007). Plaintiffs' individual capacity Section 1983 claims also failed. First, the substantive due process claim failed because Plaintiffs have no constitutional right to send their child to whatever public school they desire. *See Arredondo v. Brockette*, 648

F.2d 425, 428-29 (5th Cir. 1981); *Davis v. Bd. of Comm'rs*, 393 F.2d 690, 694 n. 5 (5th Cir. 1968); *United States v. Jefferson Cnty. Bd. of Educ.*, 380 F.2d 385, 390 (5th Cir. 1967). Next, Plaintiffs' procedural due process claim failed because they have not been denied "life, liberty, or property protected by the Fourteenth Amendment." *Wilson v. Birnberg*, 667 F.3d 591, 597 (5th Cir. 2012).

The Court now considers the Motion for Summary Judgment [36] filed by the Jefferson Davis County School District.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding

whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Plaintiff asserted two claims under 42 U.S.C. § 1983. First, Plaintiff claims that Defendant's actions deprived her of substantive due process rights protected by the Fourteenth Amendment's Due Process Clause. Second, Plaintiff claims that Defendant's actions deprived her of procedural due process rights protected by the Fourteenth Amendment's Due Process Clause. For the same reasons stated in the Court's previous opinions, these claims have no merit.

### A.   *Substantive Due Process*

Plaintiffs contend that Defendant's policies and actions deprived them of their constitutional right to determine the education of their daughter. But, as previously discussed, Plaintiffs' parental rights are not as broad as they assert.

> Parents have a fundamental interest in raising and educating their children. This fundamental right, however, is not absolute, and states can subject it to reasonable regulation, particularly when the state's interest relates to the provision of public education. The parents' right protects their prerogative to make choices regarding the type of education – *e.g.*, public, private, or home-schooling – that their child receives but not particular components of that education, such as participation in interscholastic athletics or enrollment in particular courses.

*Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 136 (5th Cir.

2009). "[A] student has no constitutional right to free choice of schools." *Davis*, 393 F.2d at 694 n. 5; *see also Jefferson Cnty. Bd. of Educ.*, 380 F.2d at 390. Therefore, Plaintiffs do not have a liberty interest in sending their children to whatever public school they desire, without reference to residency requirements imposed by state or local law. *See Arrendondo*, 648 F.2d at 428-29 (states have a legitimate interest in limiting enrollment in public schools to students who are bona fide residents of the particular state and school district at issue*)*.

## B.   *Procedural Due Process*

Next, Plaintiffs claim that Defendant's policies and actions deprived them of their right to due process of law. "[F]or a person to have a procedural due process claim that damages or other relief can remedy, he must have been denied life, liberty, or property protected by the Fourteenth Amendment." *Wilson*, 667 F.3d at 597. Parents do not have a constitutional right to send their children to whatever public school they desire, without reference to residence requirements imposed by state and local law. *Arredondo*, 648 F.2d at 428-29. But property or liberty interests may be "created and defined by existing rules or understandings that stem from an independent source such as state law." *Wilson*, 667 F.3d at 598. Plaintiffs argue that Mississippi Code Section 37-15-31 creates a property or liberty interest. The statute provides, in pertinent part:

> (a) . . . [U]pon the petition in writing of a parent or guardian resident of the school district of an individual student filed or lodged with the . . . school board of a school district in which the pupil has been enrolled or is qualified to be enrolled . . . , individual students living in one school district . . . may be legally transferred to another school district by the mutual consent of the school boards of all school districts concerned. . . .

> (b) The school board of the transferring school district to which such petition may be addressed shall act thereon not later than its next regular meeting subsequent to the filing or lodging of the petition, and a failure to act within that time shall constitute a rejection of such request. . . . If such a transfer is approved by the transferee board, then such decision shall be final. If such a transfer should be refused by the school board of either school district, then such decision shall be final.

MISS. CODE ANN. § 37-15-31(1)(a)-(b) (2012).

Plaintiff contends that the latter portion of subsection (b) – concerning the "finality" of transfer orders – deprives school districts of the right to revoke a transfer once it is granted. No Mississippi court has addressed this issue, but Mississippi's Attorney General believes that "the transfer of a student is effective until the school board of either school district, or the county board of education if applicable, revokes its consent." *Re: Duration of Transfer of a Student*, Miss. Att'y Gen. Op. No. 2000-0766, 2001 WL 283627 (Feb. 16, 2001); *see also Re: Duration of Transfer of Students*, Miss. Att'y Gen. Op. No. 2008-00524, 2008 WL 4825783 (Oct. 3, 2008) ("The release of a student to attend school in another school district is not permanent. The transfer is effective until either party revokes its consent."). According to the Attorney General, the Board's decision is "final" insofar as it is "not subject to further administrative review." *Re: Duration of Transfer of Students*, Miss. Att'y Gen. Op. No. 2008-00449, 2008 WL 4560059 (Sept. 10, 2008).

"Attorney General opinions are advisory only and are not binding on the Court. However, when such opinions indicate sound reasoning, this court will give them great consideration." *Freelance Entm't, LLC v. Sanders*, 280 F. Supp. 2d 533, 546 (N.D. Miss. 2003). The Attorney General's reasoning is sound, and Plaintiff has not provided any

5

contrary authority.[1] In the absence of such authority, the Court believes it prudent to rely on the Attorney General's interpretation of the statute and avoid the unnecessary adjudication of an unresolved matter of state law. The Court holds that Defendant has complete discretion to grant and revoke inter-district transfers. When a statute grants a state agency such broad discretion to grant and revoke a benefit, it creates no due process entitlement. *Cf. Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987); *Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 557 (5th Cir. 1988).[2]

Even if Defendant's initial grant of a transfer created a due process entitlement, all Plaintiffs were entitled to was "notice and an opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Gibson v. Tex. Dep't of Ins. - Div. of Workers' Comp.*, 700 F.3d 227, 239 (5th Cir. 2012). Plaintiffs appeared before the School Board on October 13, 2008, seeking clarification of the no-transfer policy and a vote on whether the Board had intended to revoke previously granted inter-district transfers. Glenn Swan, exercising his authority as conservator, prohibited the Board from voting and effectively denied Plaintiffs' petition. *See* MISS. CODE ANN. § 37-17-6(14)(a) (providing that conservators are responsible for the administration, management, and operation of a school district). Therefore, Plaintiffs received notice

---

[1] The Fifth Circuit has relied on state attorney general opinions. *See Hudson v. City of New Orleans*, 174 F.3d 677, 686 (5th Cir. 1999); *Flores v. Cameron Cnty.*, 92 F.3d 258, 265 (5th Cir. 1996).

[2] The Court also notes that Plaintiffs have not been deprived of the alleged entitlement (their daughter's enrollment in the Lamar County School District) because 1) they purchased a home in Lamar County, and 2) Plaintiff Laura Fails is employed by the Lamar County School District.

and a hearing.

### III. CONCLUSION

For all of these reasons, the Court **grants** Defendant's Motion for Summary Judgment [36]. The Court will enter a separate final judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 10th day of May, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE